Youssef H. Hammoud, Esq. (SBN: 321934)
Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Richelle Burris*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHELLE BURRIS,<br><br>    Plaintiff,<br><br>v.<br><br>DISCOVER BANK,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Cal. Civ. Code § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Richelle Burris ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Discover Bank ("Defendant" or "Discover"):

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in California.

7. Plaintiff is a "debtor" as defined by CAL. CIV. CODE § 1788.2(h).

8. Defendant is a "debt collectors" as defined by CAL. CIV. CODE § 1788.2(c).

9. At all relevant times herein, Defendant was engaged, by use of mail and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by CAL. CIV. CODE § 1788.2(d).

10. Defendant is an online bank that offers many financial services, with its principal place of business located in New Castle, DW. Defendant can be served with process through its registered agent, CT Corporation System, at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or about December 2018, in an attempt to collect on an alleged debt, Defendant began placings calls to Plaintiff on her home phone number ending in 8687 and her cellular phone number ending in 6026.

13. Defendant's calls mainly originated from the following numbers: (800) 347-5543, (614) 758-2356, (385) 261-7126, (385) 261-7178, (614) 758-2394, and (801) 619-2556; Upon information and belief, Defendant owns and operates these phone numbers.

14. On or about January 7, 2019, at 6:23 p.m., Plaintiff answered a phone call from (614) 758-2356; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automatic telephone dialing system.

15. During this conversation, Plaintiff spoke to a representative who indicated that Defendant was attempting to collect a debt.

16. Plaintiff explained to the representative that her mother had been diagnosed with cancer, that Plaintiff had been having trouble with work, and that she was struggling financially.

17. Further, Plaintiff requested Defendant to stop calling her.

18. Despite this unequivocal revocation of consent to be called any further, over the following four (4) months, Defendant continued to call Plaintiff's home and cellular telephone numbers.

19. On or about April 8, 2019, at 5:28 p.m., Plaintiff answered a phone call from Defendant, this time originating from (801) 619-2556; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automatic telephone dialing system.

20. During this conversation, the representative informed Plaintiff that Defendant was calling to collect on an alleged credit card debt.

21. Plaintiff explained to the representative that she was taking care of her mother who was battling cancer and that she was struggling financially.

22. Again, Plaintiff again instructed Defendant not to call her and requested that she only be contacted through the mail.

23. Between January 7, 2019 and April 8, 2019, after Plaintiff had revoked consent to be called, Plaintiff received approximately one hundred fifty (150) calls to her home phone from Defendant.

24. Between January 7, 2019 and April 8, 2019, after Plaintiff had revoked consent to be called, Plaintiff received approximately one hundred fifty (150) calls to her cellular phone from Defendant.

25. Between January 7, 2019 and April 8, 2019, after Plaintiff had revoked consent to be called, Plaintiff received approximately three hundred (300) calls in total from Defendant.

26. Plaintiff would receive several calls per day on both her cellular phone and home phone.

27. Plaintiff would even receive calls on her cell phone and home phone within minutes of each other.

28. Plaintiff runs a day care business from her home.

29. During work hours, Plaintiff is caring for several children and must give her full attention to the well-being of the children.

30. Defendant's incessant automated debt collection calls to both Plaintiff's home and cell phone made it difficult for Plaintiff to concentrate during work.

31. Defendant's harassing calls interrupted Plaintiff's train of thought when she was with the children during day care hours.

32. Plaintiff's mother has been diagnosed with cancer, and Plaintiff is the primary caretaker for her mother.

33. Moreover, Plaintiff keeps a house phone in her sick mother's bedroom so that her mom can communicate with family members and medical personnel.

34. The barrage of phone calls caused Plaintiff and her mother such distress that Plaintiff had to remove the home phone from her mother's bedroom.

35. Thereafter, whenever someone would call and needed to speak to Plaintiff's mother, Plaintiff had to stop what she was doing and take the phone upstairs to the bedroom.

36. Defendant's phone calls placed an unjust burden and hardship on Plaintiff.

37. Moreover, Plaintiff has been diagnosed with an autoimmune disease and takes prescription medication to deal with the symptoms.

38. The stress caused by Defendant's above described action has severely exacerbated these symptoms.

39. Furthermore, Plaintiff keeps her cell phone on her at all times in anticipation of any medical emergency that her mother may have while Plaintiff is not with her.

40. Each and every phone call from Defendant caused Plaintiff to stop what she was doing and look at her cell phone or home phone.

41. Defendant's conduct was done in complete conscious disregard of Plaintiff's rights.

42. As such, Defendant's actions were oppressive and malicious.

43. Defendant was aware that Plaintiff had requested to not be called on either of her phones, and yet Defendant continued its bombardment of harassing automated calls to Plaintiff's home and cellular phones.

44. As a result of Defendant's actions, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, emotional and mental pain and anguish, and invasion of privacy.

## FIRST CAUSE OF ACTION
### TCPA, 47 U.S.C. § 227 *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple

occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system without her consent and as such, Defendant knowing and/or willfully violated the TCPA.

47. Defendant willfully and knowingly called Plaintiff at her cellular phone number, using an automatic telephone dialing system, approximately one hundred fifty (150) times after Plaintiff had unequivocally revoked consent to be called.

48. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION

**RFDCPA, CAL. CIV. CODE § 1788 *et seq*.**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly

51. Defendant called Plaintiff approximately three hundred (300) times between January 7, 2019 and April 8, 2019 after Plaintiff had requested for the calls to stop and explained that her mom was diagnosed with cancer, and she was having financial struggles.

52. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### Intrusion Upon Seclusion

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for

invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite an unequivocal request for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after an unequivocal request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received approximately three-hundred (300) calls after expressly requesting not to be called.

    d. Further, Plaintiff explained to Defendant that her mom was diagnosed with cancer and she was having financial struggles, and Defendant

    e. Defendant's conduct would also be highly offensive to a reasonable person as Plaintiff received many of these calls on her cellular phone, which she was carrying for the purpose of contacting her mother in the event of a medical emergency.

    f. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

57. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Richelle Burris, respectfully requests judgment be entered against Defendant Discover Bank for the following:

A.  Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B.  Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3);

C.  Actual damages pursuant to RFDCPA, Cal. Civ. Code §1788.30(a);

D.  Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

E.  Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F.  Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its oppressive and malicious conduct, including but not limited to its invasion of Plaintiff's privacy rights, pursuant to Cal. Civ. Code § 3294(a).

G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 3rd day of June, 2019.

**PRICE LAW GROUP, APC**

By:/s/ *Youssef H. Hammoud*
Youssef H. Hammoud, Esq. (SBN: 321934)
Lauren Tegan Rodkey, Esq. (SBN: 275830)
Price Law Group, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Richelle Burris*